IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2011 DEC 27 PM 2:57

CLERK
SO. DIST. OF GA.

CORNELIUS POTTER,

   Petitioner,

vs.          CIVIL ACTION NO.: CV211-167

ANTHONY HAYNES, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cornelius Potter ("Potter"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Potter filed a Traverse. For the reasons which follow, Potter's petition should be **DENIED**.

## STATEMENT OF THE CASE

Potter was arrested in Georgia by state authorities on February 1, 2006, for various drug and firearm offenses. (Doc. No. 9-1, p. 9). In relation to the same set of circumstances, Potter's federal indictment charged him with, among other things, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to which he ultimately pled guilty. (Doc. No. 9-1, pp. 11, 14, 16). Potter was removed from state custody, borrowed by the United States Marshals Service ("U.S. Marshals"), on April 13, 2006, pursuant to a writ of habeas corpus ad prosequendum. (Doc. No. 9-1, p. 13). Potter's state plea and sentencing, which occurred on July 3,

2006, resulted in a sentence of two years of probation, which included credit for time served from February 1, 2006. (Doc. No. 9-1, p. 10). Potter's state sentence also specified that it would run concurrently with any time served in federal custody. (Doc. No. 10-1, p. 1). On April 23, 2007, Potter received his original federal sentence of 100 months' imprisonment, to be served consecutively to the state sentence that he was serving at the time his federal sentence was imposed.[1] (Doc. No. 9-1, p. 17). On the same date Potter was returned to state custody. (Doc. No. 1, p. 4). Potter was released from state custody to begin serving his federal sentence on September 24, 2007. (Doc. No. 9-1, p. 22).

In the instant petition, Potter seeks an adjustment of his federal sentence. First, Potter seeks credit toward his federal sentence for 376 days spent under the control of the U.S. Marshals pursuant to the writ of habeas corpus ad prosequendum.[2] Second, Potter seeks credit toward his federal sentence for September 24 and 25, 2007. Finally, although not raised in his petition, Potter attached an administrative remedy request in which he sought *nunc pro tunc* designation, (Doc. No. 1, p. 15), requesting that his federal sentence begin on April 23, 2007, the date he received his federal sentence, as opposed to September 24, 2007, the date he was received into federal custody. Respondent contends that Potter's requests for credit should be denied because he is not eligible for credit. Potter asserts, in his Traverse, that the state sentencing court

---

[1] Potter's federal sentence was later reduced, for changed circumstances, to 72 months' imprisonment, to be served consecutively to the state terms of imprisonment. (Doc. No. 9-1, p. 24).

[2] During the time Potter was under the control of the U.S. Marshals, he was returned to state custody for one day, July 3, 2006, to receive his state sentence. (Doc. No. 9-1, p. 9–10). Therefore, the Court will construe his request as a request for 375 days' credit.

2

intended for him to receive credit toward his federal sentence for time spent under the control of the U.S. Marshals.

## DISCUSSION AND CITATION OF AUTHORITY

It is the duty of the United States Attorney General, acting through the Bureau of Prisons ("BOP"), to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). The BOP must adhere to the following guidelines when determining the amount of credit due:

> (a) Commencement of a sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentences commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). "[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately." Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)). "A writ of habeas

3

corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

Potter served his state sentence from February 1, 2006, through September 24, 2007. (Doc. No. 9-1, pp. 9–10, 22). From April 13, 2006, through April 23, 2007, Potter served his state sentence while under the control of the U.S. Marshals pursuant to a writ of habeas corpus ad prosequendum. Potter seeks credit toward his federal sentence for the roughly 375 days he spent under the control of the U.S. Marshals. If Potter were to receive credit toward his federal sentence for that time, he would be receiving double credit—credit toward his state sentence and credit toward his federal sentence. An inmate may only receive credit for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). As a result, Potter should not receive credit toward his federal sentence for the roughly 375 days between April 2006 and April 2007.

Potter's federal sentence commenced on September 24, 2007. (Doc. No. 9-1, p. 22). Potter seeks credit toward his federal sentence for September 24 and 25, 2007. Because Potter's federal sentence was in progress on the requested dates, these days are already included in his federal sentence. 18 U.S.C. § 3585(a). If Potter were to receive credit toward his federal sentence for those dates, he would be receiving double credit—credit toward his federal sentence twice. As a result, under 18 U.S.C. § 3585(b), Potter should not receive additional credit toward his federal sentence for September 24 and 25, 2007.

Finally, Potter seeks a *nunc pro tunc* designation, requesting that his federal sentence begin on April 23, 2007, the date he received his federal sentence, as opposed to September 24, 2007, the date he was received into federal custody. Potter

4

served his state sentence, in part, from April 23, 2007, to September 24, 2007. If Potter were to receive credit toward his federal sentence for that time, he would be receiving double credit—credit toward his state sentence and credit toward his federal sentence. As a result, Potter is not entitled to a *nunc pro tunc* designation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Potter's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)